```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                     NASHVILLE DIVISION
```

**ARTHUR L. ARMSTRONG**        ]
    **Plaintiff,**            ]
                           ]
**v.**                          ]        No. 3:14-1744
                           ]        Judge Sharp
**DAVID L. RAYBIN**            ]
    **Defendant.**            ]


### M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against David Raybin, a former Davidson County prosecutor, seeking declaratory, injunctive and monetary relief.

In 1978, the plaintiff was convicted of robbery, rape, kidnapping and two counts of a crime against nature. *See* Armstrong v. Tennessee, 2010 WL 2977890 (Tenn. Crim. App.). Apparently, the defendant was the prosecutor in the case.

During an investigation of these crimes, the police collected a rape kit from the victim. The defendant "checked the evidence out of the property room in May, 1978" and failed to return it to the evidence locker. The plaintiff learned of this sometime around October of 2011. Docket Entry No.1 at pg.5. He believes that this evidence would prove his innocence and that the defendant has

prevented him from doing so.

The complaint arrived in the Clerk's Office on August 25, 2014. The plaintiff's claim arose, at the latest, in October, 2011 when he learned that the defendant had checked out the evidence and failed to return it. Thus, it appears that this action is time-barred by the one year statute of limitations imposed upon civil rights claims brought in Tennessee. <u>Merriweather v. City of Memphis</u>, 107 F.3d 396, 398 (6th Cir.1997). Nothing in the complaint suggests that the statute should be tolled so as to permit the untimely filing of the complaint.

The Court, therefore, concludes that the plaintiff has failed to state a timely claim upon which relief can be granted. <u>Dellis v. Corrections Corp. of America</u>, 257 F.3d 508, 511 (6th Cir.2001)(*sua sponte* dismissal of an untimely prisoner complaint is appropriate). Under such circumstances, the Court is obliged to dismiss the complaint. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Kevin H. Sharp
United States District Judge